BROOM, Justice.
A money judgment in the sum of $90,154.19 was awarded appellees against appellants, Cullie T. Roberts, Glenda H. Roberts and James V. Sikes, jointly and severally, by final decree of the Chancery Court of Bolivar County, Mississippi. The decree ordered and directed appellant Anne R. Foster and First National Bank of Bolivar County to pay and deliver to appellees the proceeds of an account in First National in the sum of $14,117.63. We affirm.
Appellee Central Delta Warehousing Corporation, a Tennessee corporation, had been in the business of warehousing, drying, and selling rice, and renting its facilities to different people in the area of Cleveland, Mississippi. Appellant Cullie T. Roberts had been secretary-treasurer and general manager of the corporation for several years and had full control of its financial affairs. At the time of the trial of the suit, action had been taken to dissolve the corporation, and three trustees, H. L. Sledge, S. E. Kossman and R. C. Malone, had been appointed by the court as trustees to dispose of the assets of the corporation.
Subject matter of this action was the proceeds of ten checks which constituted the entire deposits of a bank account in the name of Central Delta Seed Rice Company. Checks against said account were authorized to be drawn upon the signature of Glynn Hill and it appears that checks signed “Glynn Hill” were actually signed by appellant Glenda H. Roberts, who was the wife of appellant Cullie T. Roberts and the mother of appellant Anne R. Foster.. Three of the ten checks, all of which were deposited in First National Bank of Bolivar County, named appellee Central Delta Warehousing Corporation as payee, and the other seven checks named Central Delta Seed Rice Company as payee. It appears that Central Delta Seed (a partnership) had no assets other than the bank account consisting of the ten checks, and was owned by appellants Cullie T. Roberts and James V. Sikes with respective interests of 57% and 43%. Proceeds of the ten checks totaled $97,299, all of which the appellees contended belonged *535 to Central Delta Warehousing Corporation. The appellees averred further in their bill that the funds were wrongfully appropriated and illegally placed in the bank account maintained by appellants Cullie T. Roberts, James V. Sikes and Glenda H. Roberts.
Appellants denied any wrongdoing on their part and denied that they had misappropriated any of the funds of the appellee corporation. They contended that their company, Central Delta Seed Rice Company (the name being strikingly similar to the appellee corporation’s name), bought and sold rice and earned the funds in question. Interrogatories propounded them sought for appellees the names and addresses of those from thorn the partnership purchased rice, the quantity of rice purchased, the price per bushel and total price paid, and other details concerning deliveries and payments. The appellants furnished none of such information and stated that they did not keep records and could not specifically recall names of the rice producers or dates in question. It was the thrust of the appellees’ case that the rice sold by the partnership was in fact the property of the appellees.
Appellants argue that appellees failed to make out a case and that the chancellor should have sustained their motion to exclude and find for them when the appellees rested. The general rule is that unless a chancellor is manifestly wrong, his finding of facts will not be set aside or reversed.
Three of the controversial checks named the appellee corporation as payee and, therefore, the appellees were not required to otherwise prove ownership of such checks or the proceeds of them. Since seven of the checks were made payable to the partnership Central Delta Seed Rice Corporation or Central Delta Seed Company, it was necessary for the appellee corporation to prove title to the proceeds of those checks. The chancellor heard detailed testimony of several witnesses, including the Comptroller of Uncle Ben’s, Inc., which sufficiently established that to the extent of the money judgment awarded appellees, they sufficiently made out their case. One interesting fact is that the partnership, Central Delta Seed Rice Company, used fake invoices said to represent services performed by the partnership. Testimony before the chancellor sufficiently showed that the invoices actually represented commodities traceable to storage in the facilities of the appellee corporation. This was quite evident because the amounts specified on the fake invoices corresponded with amounts definitely stored in the facilities of the appellee corporation. Documents of billings to Uncle Ben’s, Inc., for storage had on them the exact same numbers of warehouse receipt numbers as found on general warehouse receipts of Central Delta Warehousing Corporation.
The chancellor also had before him answers of Roberts and Sikes to interrogatories that the so-called partnership Delta Seed Rice Company had no funds other than its bank account. Upon the record we cannot say that the chancellor was manifestly in error in his determination that even though seven of the checks in dispute were not payable to the appellee corporation, all ten checks were actually the property of the appellee corporation and their proceeds should have been paid to the trustees of the corporation.
During the presentation of their case, the appellees called as adverse witnesses appellants Cullie T. Roberts and Glenda H. Roberts, both of whom (as they had a right to do) declined to testify on the valid ground that one spouse may not be compelled to testify against another in cases of this type. When the appel-lees rested, the appellants rested without presenting any testimony. With the clear and convincing voluminous documentary and oral testimony presented by appellees before him, we cannot say the chancellor was manifestly wrong in finding for appel-lees. Other propositions argued by appel *536 lants have been thoroughly considered and found to be without merit, and the cause must be affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.